United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN T. KIRSCH,<br><br>   Plaintiff,<br><br>v.<br><br>VISION LAB TELECOMMUNICATIONS, INC., a Florida corporation; AMIN EL-GAZZAR; PASQUALE GIORDANO; and JUDD BRAZER<br><br>   Defendants. | No. C 05-2550 SBA<br><br>**ORDER**<br><br>[Docket Nos. 49, 50 & 70] |

Currently before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) brought by all Defendants in the above-captioned matter ("Rule 12(b)(6) Motion"); the Individual Defendants Amin El-Gazzar's, Pasquale Giordano's and Judd Brazer's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction ("Rule 12(b)(2) Motion"); and Plaintiff's *Ex Parte* Application for Continuance of Hearing on the Rule 12(b)(2) Motions of Pasquale Giordano and Amin El-Gazzar. Having read and considered all the papers filed in connection with these motions, the arguments advanced by the parties at the hearing, and being fully informed, the Court makes the following findings and orders.

Plaintiff's *Ex Parte* Application for Continuance of Hearing on the Rule 12(b)(2) Motions of Pasquale Giordano and Amin El-Gazzar was DENIED. The hearing went forward as scheduled by the Court.

The Court finds that it would benefit from supplemental briefing from the parties regarding whether this Court has subject matter jurisdiction over claims arising under the Telephone Consumer

1  Protection Act ("TCPA"), Plaintiff's first cause of action. In *Murphy v. Lanier*, the Ninth Circuit held
2  that there is no private cause of action in federal court under the TCPA.  204 F.3d 911 (9th Cir.
3  2000).  The *Murphy* court reviewed the section of the TCPA that grants consumers a private right of
4  action, 47 U.S.C. § 227 (b)(1)(C), which states in relevant part: "A person or entity may, *if otherwise*
5  *permitted by the laws or rules of court of a State, bring in an appropriate court of that State*" an
6  action based on a violation of subsection 227(b) or the regulations prescribed under that subsection.
7  47 U.S.C. § 227(b)(1)(C) (emphasis added).  The Ninth Circuit held "[b]ecause federal court
8  jurisdiction is limited to that conferred by Congress, the express reference to state court jurisdiction
9  does not mean that federal jurisdiction also exists; instead, the failure to provide for federal
10 jurisdiction indicates that there is none." *Murphy,* 204 F.3d at 914.  Consequently, the Ninth Circuit
11 has joined the Second, Third, Fourth, Fifth and Eleventh Circuits "in the somewhat unusual
12 conclusion that state courts have exclusive jurisdiction over a cause of action created by a federal
13 statute, the Telephone Consumer Protection Act of 1991." *Id.* at 915.

14 The language of the Ninth Circuit's holding is not specifically limited to federal question
15 jurisdiction, though this was the basis upon which the plaintiff in the underlying case asserted
16 subject matter jurisdiction.  The Court's own limited research yielded authority demonstrating
17 federal district courts disagree whether claims under the TCPA may be brought in federal court
18 where the litigants allege diversity subject matter jurisdiction.  Given the importance of this issue,
19 and the Court's obligation to ensure that subject matter jurisdiction exists as a predicate matter, the
20 parties are ordered to file supplemental briefing which addresses the Ninth Circuit's holding in
21 *Murphy* and demonstrate why subject matter does or does not exist in this case.

22 On January 27, 2006, this case was referred to a Magistrate Judge for an early settlement
23 conference to be held on February 15, 2006, February 28, 2006, March 1, 2006 or March 6, 2006.  In
24 light of the fact that the settlement conference will necessarily be concluded by March 6, 2006, if the
25 parties are unable to reach a settlement, the Court orders the parties as follows:

26 Plaintiff shall file a supplemental brief, no longer than ten (10) pages, addressing the issue of
27 subject matter jurisdiction as directed above no later than **March 27, 2006**.  Defendants shall file an
28 opposition in response to Plaintiff's supplemental brief, no longer than ten (10) pages, on or before

**April 3, 2006**.  Plaintiff shall file his reply, if any, by **April 10, 2006**.  The Court hereby schedules a hearing date on the issue of subject matter jurisdiction of April 18, 2006.

If the Court determines it does have jurisdiction to hear this case in diversity, then the Court will permit the parties to conduct limited discovery on the issue of specific personal jurisdiction only.  The parties shall have **five weeks** from the date of the Court's order resolving the issue of subject matter jurisdiction to conduct this limited discovery.  The Court shall defer issuing a ruling regarding Defendants' Rule 12(b)(6) and Rule 12(b)(2) motions until the limited discovery on the issue of specific personal jurisdiction has been completed.  After such time, the Court shall consider the matter fully submitted and will not require further oral argument.

The Case Management Conference in this case is VACATED.

IT IS SO ORDERED.

Dated: 2/6/06

SAUNDRA BROWN ARMSTRONG
United States District Judge